IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

        Plaintiff,

v.                                                                                            Cr. No. 19-753 JCH

NICASIO MARTINEZ-ROSALES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

      This case is before the Court on two motions [Docs. 54 and 55] filed by Defendant, acting *pro se*, seeking a reduction in his sentence of incarceration. On August 6, 2024, the United States filed a response [Doc. 57]. Defendant has not filed a reply. After reviewing the motions, the response, and the relevant legal authorities, the Court concludes that the Defendant's motions should be denied.

      On June 17, 2019, Defendant entered a guilty plea to the charge of possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine. At sentencing, Defendant had a total base level offense of 31 and a criminal history category of I with no criminal history points, leading to a guideline sentencing range of 108 to 135 months. However, the Court sentenced Defendant 120 in prison, which is the statutory minimum for this crime.

      Defendant moves the Court to reduce his sentence. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023). On that date, Amendment 821 to the United States Sentencing Guidelines went into effect. In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. In addition, a person with six or fewer criminal history points now receives no status points. *See id*. § 4A1.1(e). For Part A to apply, however, a defendant must have received criminal history points for committing the offense whilst serving a criminal justice sentence. Under Part B of Amendment 821, § 4C1.1(a) now provides a two-offense-level reduction under certain circumstances for offenders who present with zero criminal history points. The Commission determined that the above changes should apply retroactively.

Defendant does not qualify for a sentence reduction under either aspect of Amendment 821. Part A does not apply to Defendant because he received no criminal history points for committing the offense of conviction while serving a criminal justice sentence. Regarding Part B, Defendant is a zero-point offender who theoretically could qualify for a two-level reduction in his offense level. However, Part B of the Amendment does not afford Defendant relief because this reduction in his offense level would bring his sentence below the statutory minimum of 120 months. *See* 21 U.S.C. § 841(b)(1)(A); *see also* USSG § 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range.").

Defendant also argues that extraordinary and compelling reasons warrant a reduction in his sentence under 18 U.S.C. § 3582(c)(1). The "reason" Defendant offers is that the purity of methamphetamine is no longer probative of the Defendant's culpability. *See* Doc. 55 at 1-2. Even assuming that Defendant has met all prerequisites to assert this argument, including exhaustion of administrative remedies, and further assuming that the purity (or lack thereof) of the methamphetamine constitutes an extraordinary and compelling reason, Defendant's argument fails. Defendant pled guilty to possession with intent to distribute a *mixture* and substance containing a detectable amount of methamphetamine; he was not charged with possession of a substance with any particular level of purity. Furthermore, as the Presentence Report [Doc. 25] makes clear, the purity of the substance in Defendant's possession was unknown to the Court and was not a factor in his sentence. Doc. 25 at ¶ 14. It follows, therefore, that the purity (or lack thereof) of the methamphetamine is not an extraordinary or compelling reason to reduce his sentence.

**IT IS THEREFORE ORDERED** that Defendant's *Motion for Reduction of Sentence* [Doc. 54] and Defendant's *Motion Under Section 3582 or Reduction* [Doc. 55] are **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE